proceedings herein". No amended petition for post-conviction relief was filed by court appointed counsel.

On June 1, 1970, the trial court appointed the Illinois Defender Project to represent the petitioner on the appeal. The briefs of the parties relate to an issue of whether the defendant was denied a fair trial and thus entitled to post-conviction relief in that he did not intelligently and understandingly waive his right to appointed counsel at the time of his conviction for forgery. While we consider the tendered issue to be a substantive one, this record does not reflect a definitive and appealable ruling thereon by the trial court. In short, we find no final appealable order in this record.

Section 122—7, ch. 38, Ill. Rev. Stat. 1969, provides for review of any final judgment entered upon a post-conviction petition. Post-conviction proceedings are civil in nature. In this case, the notice of appeal was filed seeking to appeal an order that did dismiss the petition but simultaneously granted leave to petitioner to file an amended petition. Although this was not done, our examination of this record does not establish a ruling by the trial court upon the substantive issues. Thus, we are compelled to dismiss this appeal and remand the cause to the circuit court.

Appeal dismissed, cause remanded.

TRAPP, P. J., and SIMKINS, J., concur.

GENEVIEVE FELCYN, Plaintiff-Appellee, v. BETTY TIMMINS et al., Defendants-Appellants.

(No. 55143;

First District—January 31, 1972.

Richard S. McKay, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellants.

Fred Lambruschi, of Chicago, (Herbert P. Veldenz, of counsel,) for appellee.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *v.* DONALD YOUNG, Appellee.

(No. 55360;

First District—February 1, 1972.